# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KAMAL MUSTAFA and <br> FATIMA MUSTAFA | * | |
| Plaintiffs | * | |
| v | * | Civil Action No. PX-17-3516 |
| J.P. MORGAN BANK, N.A., <br> PENNYMAE CORP., and <br> PENNYMAE LOAN SERVICES, LLC | * <br><br> * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

This complaint was filed on November 27, 2017, along with a Motion to Proceed in Forma Pauperis which shall be granted. As presented, the complaint does not state a cognizable claim.

The complaint concerns a foreclosure proceeding that took place in the Montgomery County, Maryland courts. Plaintiffs do not provide the case number. They claim that J.P. Morgan Chase Bank initiated foreclosure as the lender on October 3, 2013, and that plaintiffs asked for and received a payment history which reflected a zero balance as of January 2, 2014. ECF No. 1 at pp. 3 – 4. After plaintiffs complained to the Consumer Financial Protection Bureau about the foreclosure action, they allege that Chase had instructed the Trustee not to proceed with the foreclosure. *Id*. at p. 4.

Plaintiffs claim that on October 23, 2014, an auditor report was filed after the foreclosure sale and it reflected that J.P. Morgan Chase Bank was the note holder and PennyMac Corp. was the purchaser. *Id*. The auditor's report was "ratified on December 11, 2014, by The Honorable Judge Anne K. Albright in the Montgomery County Circuit Court without any changes to the

auditor report." *Id*. at pp. 4 – 5. Plaintiffs admit that Judge Albright's decision is final and that they had not appealed the same. *Id*. at p. 5.

On November 25, 2014, the "subject property" was transferred "into the name of PennyMac Corp." and sold at auction for $760,000. *Id*. Plaintiffs state that the "transfer was made without any consideration, and PennyMac Corp was listed as the lender on auditor report." *Id*. They conclude that they "want each and every party to be jointly and severally liable for the transfer" and cite Md. Code Ann., Real Prop. §7-320(c) which they assert entitles them to treble damages. *Id*.

Plaintiffs filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as this Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Liberal construction of self-represented complaints does not, however, excuse a clear failure to provide sufficient factual allegations in the complaint to place the opposing party on notice of the events upon which the claims against it are based.  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct."  A pleading must give the Court and Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiffs' Complaint fails to meet even this liberal pleading standard. Plaintiffs have failed to aver such relevant facts as whether the subject property was a business property or their home; what ownership interest plaintiffs possessed at the time of the alleged improper transfer; the case number of the state foreclosure proceeding; the facts supporting the legal conclusion that Maryland law was violated, thus entitling them to damages; and whether any of these matters were raised in the context of the foreclosure proceedings.  Without this information this Court cannot discern whether a viable cause of action, warranting a response, has been stated, and the named Defendants would have difficulty framing such a response.  In an abundance of caution, the Court will grant Plaintiffs an opportunity to file an amended complaint correcting the deficiencies noted.  They are forewarned that failure to file an amended complaint that addresses the deficiencies noted will result in dismissal of the complaint without prejudice and without further notice from the Court.

A separate Order follows.

| 12/6/17 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |