# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KAMAL MUSTAFA and<br>FATIMA MUSTAFA | * | |
| Plaintiffs | * | |
| v | * | Civil Action No. PX-17-3516 |
| J.P. MORGAN CHASE BANK, N.A.,<br>PENNYMAC CORP.,<br>PENNYMAC LOAN SERVICES, LLC, and<br>BWW LAW GROUP | *<br><br>*<br><br>* | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

Plaintiffs first filed their action in this Court on November 27, 2017. Thereafter, the Court directed Plaintiffs to supplement the complaint because it did not state a claim as presented. ECF Nos. 3 & 4. Plaintiffs then filed an Amended Complaint. ECF No. 5. However, for the reasons that follow, the Amended Complaint must also be dismissed.

The Amended Complaint notes that improprieties occurred in connection with the transfer of Plaintiffs' mortgage before the residence at issue was foreclosed upon and sold at auction in 2014. Plaintiffs assert that PennyMac, the "debt collector," was not a licensed lender in the State of Maryland. ECF No. 5 at pp. 4, 8. Plaintiffs' remaining claims allege that foreclosure proceedings were improper because paperwork indicated a zero loan balance on the note prior to its transfer to PennyMac; that the judge presiding over the foreclosure proceeding was conflicted and did not recuse herself; and more generally that provisions of Maryland State law were violated. Plaintiffs seek damages in the amount of the note secured by their home; joint and several liability "for wrongful foreclosure and transfer of Deed;" and "treble damages pursuant to Section (c) of Md. Real Property Code Ann. §7-320." ECF No. 5 at p. 18.

Federal courts are of limited jurisdiction, and so "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts likewise are obligated "to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir.2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir.2010); accord *Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir.2010).

Neither federal question jurisdiction nor diversity jurisdiction is established in the Amended Complaint. Under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading which sets forth a claim for relief shall include "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. . . . " Rule 8(a), Fed. R. Civ. P. Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)). Although a complaint need not include detailed allegations, the facts averred must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

The only basis asserted for federal question jurisdiction is reference to the Fair Debt Collection Practices Act (FDCPA). Plaintiffs nakedly assert that the Court retains jurisdiction over this case pursuant to the FDCPA (15 U.S.C. §1692 *et seq.*), but nothing in the Amended Complaint states a claim brought pursuant to that Act. At a minimum, an FDCPA requires plaintiff to allege plausibly: (1) that Plaintiffs have "been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Bierman*, 859 F.Supp. 2d 754, 759-60 (D. Md. 2012). The only reference in the Amended Complaint to the FDCPA involves defendant PennyMac, which Plaintiffs claim was not a licensed lender in the State of Maryland, but they do not connect PennyMac's purported status as an unlicensed lender to a possible FDCPA claim. Thus, federal question jurisdiction does not exist.

Nor does diversity jurisdiction exist where, as here, complete diversity of citizenship among the parties is not present. "[T]he citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir.1989). *See also Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir.1999)("Because diversity jurisdiction depends on the citizenship status of the parties at the time an action commences, we must focus our jurisdictional inquiry solely on that time."). A

corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the place where "the corporation's high level officers direct, control, and coordinate the corporation's activities[, which is] often metaphorically called . . . the corporation's 'nerve center,'" and "will typically be found at [the] corporation's headquarters." *Hertz*, *supra*, 130 S.Ct. at 1186; accord *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 104–07 (4th Cir.2011).

Here, according to the Amended Complaint, Defendant BWW Law Group is a "professional limited liability company operating as a law firm in Montgomery County, Maryland." ECF No. 5 at pp. 4-5. As pleaded, BWW is a citizen of Maryland. Further, according to the Amended Complaint, plaintiffs are also Maryland citizens. ECF No. 5 at pp. 1-2. Because complete diversity among the parties is lacking, the Court is without jurisdiction to hear this matter. The Amended Complaint is therefore, DISMISSED. A separate Order follows.

|  4/20/18  |  /S/  |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |